# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2022

Lyle W. Cayce
Clerk

No. 22-30010

Antonio Saavedra-Vargas,

*Plaintiff—Appellant*,

*versus*

BP Exploration & Production, Incorporated; BP America Production Company,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-11461

Before King, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Antonio Saavedra-Vargas ("Vargas") sued BP for damages resulting from injuries allegedly caused by the Deepwater Horizon oil spill. After the deadline to designate experts had passed, Vargas moved to modify the scheduling order. Specifically, he sought to designate Dr. Natalie Perlin to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-30010

testify on "breakthrough research." The district court granted the motion based on Vargas' representations regarding Dr. Perlin's research and his assurances that he would not use the opportunity to replace his current experts or add other new experts. But then Vargas designated *twelve* experts. Only two of those experts, including Dr. Perlin, had anything to do with the recent research Vargas invoked as good cause for the modification. BP moved to strike all new experts as untimely except for Dr. Perlin, and the district court granted that motion as Vargas' designations violated "both the spirit and purpose" of the court's modification of the scheduling order. *Saavedra-Vargas v. BP Expl. & Prod., Inc.*, 2021 WL 3187402, at *4 (E.D. La. July 27, 2021).[1] Without those experts, Vargas could not show causation and his claims did not survive summary judgment. *Saavedra-Vargas v. BP Expl. & Prod., Inc.*, 2021 WL 5881825, at *3 (E.D. La. Dec. 13, 2021).

On appeal, Vargas argues that the "plain language" of the new scheduling order did not prohibit designating experts beyond Dr. Perlin, so the district court abused its discretion in striking them. Two legal principles rebuff that argument. First, the district court is the master of its docket and enjoys "broad discretion in enforcing the deadlines in [its] scheduling orders." *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020). Second, scheduling orders are not statutes, and we do not interpret them as such. *Cf. Kanter v. Barr*, 919 F.3d 437, 454 (7th Cir. 2019) (Barrett, J., dissenting). As he requested in his motion, Vargas got an extension to add one expert. Instead, he added twelve. The court did not, therefore, abuse its discretion in rejecting the transparent bait-and-switch. And, as Vargas concedes, he has no case without those experts. We AFFIRM.

---

[1] More precisely, the court rejected ten of the twelve new experts, permitting Vargas to keep Dr. Perlin and an additional expert who co-authored a study with Dr. Perlin. *Saavedra-Vargas*, 2021 WL 3187402, at *5.